UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
EDGAR SOSA,

                    Plaintiff,

        -against -                          **MEMORANDUM AND ORDER**

MEDSTAFF, INC., CROSS COUNTRY              12 Civ. 8926 (NRB)
HEALTHCARE, INC., CORNELL UNIVERSITY,
WEILL CORNELL MEDICAL COLLEGE,
ADELA VARGAS, GUY MAZZA, DAVID GREENE,
and ISABEL STANSHINE,

                    Defendants.
-----------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     Plaintiff Edgar Sosa ("Sosa" or "plaintiff") brings this

action against defendants Cross Country Healthcare, Inc. ("Cross

Country"), Medstaff, Inc. ("Medstaff")[1], David Greene ("Greene"),

and Isabel Stanshine (collectively, the "Cross Country

Defendants"), as well as against defendants Cornell University

("Cornell"), Weill Cornell Medical College ("Weill"), Adela

Vargas ("Vargas"), and Guy Mazza ("Mazza") (collectively, the

"Cornell Defendants").  Plaintiff's complaint alleges unlawful

discrimination pursuant to 42 U.S.C. § 2000e et seq. ("Title

VII"), 42 U.S.C. § 1981 ("§ 1981"), and the New York City

Administrative Code § 8-101 et seq. (the "NYCAC").  Sosa claims

that he was subjected to a hostile work environment on account

---

[1] Although Medstaff is now known as Local Staff LLC, the Court will use the
terminology used by the plaintiff in his amended complaint.

of his race and that he was ultimately unlawfully terminated from his employment in retaliation for complaining about his treatment.   Presently before the Court is the Cornell Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).   For the reasons set forth below, the Cornell Defendants' motion is granted.

**BACKGROUND**

## I.   Factual Allegations

Plaintiff Sosa is a New Jersey resident who worked for defendants Medstaff and Cross Country as an oncology nurse.  Am. Compl. ¶¶ 8, 26.  Medstaff acts as a staffing service, providing nurses to its clients (such as hospitals) to fill positions on a temporary basis.  Id. ¶ 11.   One such client was defendant Weill, the research unit and medical school of defendant Cornell University.  Id. ¶¶ 14-15.  On or about March 5, 2012, Medstaff and Cross Country designated plaintiff for an assignment at Weill.  Id. ¶ 27.   Individual defendants Vargas and Mazza were employees of Weill/Cornell: Vargas worked as an Administrative Coordinator/Office Manager and Mazza was a Senior Employee Relations Specialist.  Id. ¶¶ 17, 19.  Sosa claims that both of these individuals functioned as his supervisors and/or retained supervisory authority over him during his placement at Weill. Id. ¶¶ 18, 20.

According to Sosa, for about two months, he "was an exemplary employee," receiving compliments for his work without any indications of poor performance.  Id. ¶ 29.  However, in early May 2012, defendant Vargas allegedly approached plaintiff and said "You look like Urckle," then snickered and walked away.[2] Id. ¶ 34.  Next, Sosa claims that on May 25, 2012, "for absolutely no reason," Vargas commented to plaintiff, "You're so street, Eddie.  You're so street."  Id. ¶ 35.  Sosa believes that this statement implied that he must have grown up "on the streets" because he is Latino, and plaintiff asserts that this statement was directed to him alone and not to any of his non-Latino coworkers.  Id.  In response to these statements, Sosa attempted to lodge a complaint with defendant Mazza on May 28, 2012.  But plaintiff was unable to reach Mazza, and he instead spoke with non-defendant Angela Charter ("Charter"), Weill's Associate Director of Employee Relations.  Id. ¶ 36.

Beginning two days after Sosa's grievance to Charter, Vargas allegedly began avoiding the plaintiff, refusing to make eye contact and communicating with him through intermediaries.

---

[2] We assume that the "Urckle" statement was intended to compare Sosa, who self-identifies as Latino, to Steve Urkel, a character from the television show Family Matters who is black.  We further note that the most prominent feature of the Steve Urkel character is not his race, but rather "his nerd persona marked by thick-rimmed eyeglasses and suspenders."  Sarah Merry, "Eye See You": How Criminal Defendants Have Utilized the Nerd Defense to Influence Jurors' Perceptions, 21 J.L. & Pol'y 725, 738 n.65 (2013).

Id. ¶¶ 38-39, 41.  On June 1, 2012, Mazza returned Sosa's call from four days prior, and plaintiff informed him that "Vargas ha[d] subjected him to discrimination on the basis of race and was now retaliating against him for complaining."  Id. ¶ 40. Plaintiff asserts that Mazza did not take any action in response, and Sosa claims that Vargas began micromanaging his work and continued to ignore him in the days that followed.  Id. ¶¶ 40-41.  On June 6, 2012, the plaintiff complained for a third time about Vargas's conduct, this time to defendant Greene, a Clinical Liaison at Medstaff/Cross Country.  Id. ¶¶ 21, 42. That same day, Mazza contacted Sosa and told him that "the issue has been resolved and this will never happen again."  Id. ¶ 43.

Despite Mazza's reassurances, Sosa again complained to Greene two days later; Greene responded by telling plaintiff that he would "investigate the matter."  Id. ¶ 46.  Later that day, Greene informed Sosa that Weill had decided to terminate plaintiff's employment at the hospital.  Id. ¶ 47.  According to Sosa, Greene relayed that Vargas's justification for terminating plaintiff's employment was that Sosa engaged in loud singing and loud speech, and that he had also committed a medical error. Id. ¶ 47.  Plaintiff insists that these reasons were pretextual and that he was in fact terminated "blatantly in retaliation" for complaining about Vargas's treatment.  Id. ¶ 48; see also

id. ¶ 58 ("Defendants terminated Plaintiff Sosa's employment solely in retaliation for complaining of discrimination and retaliation."). Greene then informed Sosa that he would also be suspended from Medstaff for six months. Id. ¶ 50. Plaintiff went on to file a charge of discrimination with the Equal Employment Opportunities Commission. Id. ¶ 5. He received his Notice of Right to Sue from the EEOC on November 28, 2012, and plaintiff filed the instant action on December 10, 2012.

## II.  Our Previous Opinion

This is not the first time that this Court has considered the sufficiency of plaintiff's pleadings under Rule 12. On March 29, 2013, the Cross Country Defendants moved to dismiss plaintiff's amended complaint,[3] and on December 13, 2013, we granted their motion. See Sosa v. Medstaff, No. 12 Civ. 8926(NRB), 2013 WL 6569913 (S.D.N.Y. Dec. 13, 2013) ("Sosa I"). Although we recognized that plaintiff's allegations were adequate to demonstrate that the Cross Country and Medstaff may have been "jointly employers" of Sosa along with Weill/Cornell, we found that "the conduct of one employer cannot necessarily be imputed to the other." Id. at *3. Thus, we held that "Sosa ha[d] not pled facts sufficient to hold [the Cross Country Defendants] liable for the actions of Cornell, Weill, Vargas,

---

[3] Rather than move to dismiss the complaint, the Cornell Defendants timely answered the amended complaint on March 25, 2013.

and Mazza," and accordingly granted the Cross Country
Defendants' motion to dismiss.  Id. at *4.

Our analysis did not end there, however.  We further
explained that "[e]ven assuming that the Cross Country
Defendants could be liable for the other defendants' conduct,
Sosa's claims of discrimination and hostile work environment are
still fatally flawed."  Id. at *4.  With regard to plaintiff's
discrimination claims, we found that he failed to allege that
his adverse treatment "was in any way motivated by racial
animus," and as such, he had not stated a claim for disparate
treatment on the basis of race under either federal or city law.
Id. at *5.  We also held that the statements referenced in the
complaint were insufficient to state a claim for a hostile work
environment, even under the plaintiff-friendly NYCAC, because
the comments he complained of "were of such a minimal character
that they amount[ed] to just petty slights or trivial
inconveniences."  Id. at *7 (internal quotation marks omitted).

We also found plaintiff's allegations of unlawful
retaliation lacking.  Based on our determination that "[a]ny
reasonable employee would recognize that a stray remark,
inappropriate but not abhorrent, does not violate the law," we
held that Sosa's complaints to Mazza and Greene were not
"protected activity" because he lacked an objective good faith

belief that he was protesting unlawful conduct.  <u>Id.</u> at *9.

Because engagement in protected activity is the first element of

any retaliation claim under federal or city law, Sosa's

retaliation claims were inadequate on their face.  Finally,

plaintiff's aiding and abetting claims failed because "Sosa has

not made a single allegation that any of the Cross Country

Defendants participated in Vargas's allegedly discriminatory

conduct in any way."  <u>Id.</u>  Therefore, even if the Cross Country

Defendants could have been held vicariously liable for the

actions of the Cornell Defendants -- a conclusion that we

rejected as a threshold matter -- Sosa's allegations were still

insufficient to survive a Rule 12(b)(6) motion to dismiss.

## III.   The Instant Motion

On December 23, 2013, the Cornell Defendants requested a

pre-motion conference, in accordance with our Individual

Practices, in advance of filing the instant motion for judgment

on the pleadings pursuant to Federal Rule of Civil Procedure

12(c).   In a letter dated January 13, 2014, we granted the

Cornell Defendants leave to file their motion, which they did on

February 24, 2014.   In addition, considering that the Cornell

Defendants' motion arose out of the same underlying facts and

would be evaluated under the same standard as the Cross Country

Defendants' successful motion, we directed plaintiff to address

in his opposition brief whether the circumstances underlying the Cornell Defendants' pending motion compelled a different analysis than the one we employed in Sosa I.   While the opposition brief, filed on March 10, 2014, challenged the conclusions of our earlier opinion, it did not offer a compelling basis to distinguish the instant motion from the one granted in Sosa I.   We elaborate on our reasoning below.

## DISCUSSION

### I.   Legal Standard

"In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." Alcantara v. Bakery & Confectionary Union & Indus. Int'l Pension Fund Pension Plan, 751 F.3d 71, 75 (2d Cir. 2014) (internal quotation marks omitted).   Accordingly, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor.   Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).   Nevertheless, a plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (finding that a plaintiff's allegations must demonstrate "more than a sheer possibility that

a defendant has acted unlawfully" in order to pass muster at the pleadings stage).  Ultimately, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and if the plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  Twombly, 550 U.S. at 570.  This pleading standard applies to "all civil actions," including discrimination suits. Iqbal, 556 U.S. at 684 (internal quotation marks omitted)).

In the employment context, it is not necessary for the plaintiff to plead specific facts establishing a prima facie case for discrimination in order to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).  However, in light of Twombly and Iqbal, the "continued viability" of the generous Swierkiewicz pleading standard has been called into doubt.  Schwab v. Smalls, 435 F. App'x 37, 40 (2d Cir. 2011). "Although a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss, the claim asserted must still be facially plausible and give fair notice to the defendants of [its] basis."  Baez v. Visiting Nurse Serv. of N.Y. Family Care Serv., No. 10 Civ. 6210(NRB), 2011 WL 5838441, at *5 (S.D.N.Y. Nov. 21, 2011) (internal quotation marks omitted).  It may not be necessary to include specific facts in the complaint, but "dismissal is nevertheless

appropriate where the plaintiff 'failed to allege even the basic elements'" of a claim.  Maldonado v. George Weston Bakeries, 441 F. App'x 808, 809 (2d Cir. 2011) (quoting Patane v. Clark, 508 F.3d 106, 112 & n.3 (2d Cir. 2007)).

## II.   Plaintiff's Claims Against the Cornell Defendants

In plaintiff's opposition brief, he divides his claims into three groups: (1) hostile work environment, (2) retaliation, and (3) individual liability.  Accordingly, we will analyze each of these three sets of claims in turn.[4]

### A.   Hostile Work Environment

To state a Title VII claim for hostile work environment, a plaintiff must plead that the conduct at issue: (1) was

---

[4] Plaintiff does not suggest that he has made a claim for unlawful discrimination on the basis of race, but we note that even if he had made such an allegation, it would not have been adequately pled.  To state a claim for racial discrimination under both Title VII and § 1981, "a claimant must show: (1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent."  Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012) (quoting Holcomb v. Iona Coll., 521 F.3d 130, 138 (2d Cir. 2008)) (internal quotation marks omitted).  Although the NYCAC is more friendly to plaintiffs than is federal law, see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013), the city law "still requires a showing of some evidence from which discrimination can be inferred" to state a claim for disparate treatment on the basis of race.  Ben-Levy v. Bloomberg, L.P., 518 F. App'x 17, 20 (2d Cir. 2013).  Here, plaintiff's complaint states unequivocally that Sosa was fired "solely in retaliation for complaining" about Vargas's conduct.  Am. Compl. ¶ 58 (emphasis added).  Moreover, Sosa avers that Vargas's ignorance and micromanagement of him -- the basis of his hypothetical race-based discrimination claim -- were meant to be in retaliation for plaintiff having lodged a complaint against her.  See id. ¶ 40.  As we noted in Sosa I, when alleged mistreatment at work is purely retaliatory and not based on a protected characteristic, plaintiff does not have a claim for unlawful discrimination.  See Sosa I, 2013 WL 6569913, at *5; see also Patane, 508 F.3d at 112.  Therefore, plaintiff has failed to state a claim for discrimination on the basis of race under Title VII, § 1981, or the NYCAC.

sufficiently severe or pervasive to create an objectively hostile or abusive environment, (2) created a subjectively hostile or abusive environment, and (3) created such an environment because of the plaintiff's protected characteristic. See Patane, 508 F.3d at 113.  "[T]he standards applicable to the conduct alleged to constitute hostile work environment in violation of Title VII are also applicable to . . . employment claims under § 1981 . . . ."  Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004); see also Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, at *8 (S.D.N.Y. Aug. 19, 2008) (applying Patterson in context of a motion to dismiss).

For the reasons stated in Sosa I, plaintiff has failed to state a claim for hostile work environment against the Cornell Defendants under Title VII and § 1981 based on the first prong of the test.  Plaintiff focuses on the "You're so street" comment, urging us to find that "referring to a Latino as being 'street' is [not] benign as a matter of law."  Pl.'s Mem. of Law in Opp'n to Cornell Defs.' Mot. for J. on the Pleadings ("Pl.'s Opp'n") at 3.  However, he has failed to, as the law requires, demonstrate that this incident with Vargas "was extraordinarily severe" and that it "altered the conditions of [plaintiff's] working environment."  Desardouin v. City of Rochester, 708 F.3d

102, 105 (2d Cir. 2013) (quoting Cruz v. Coach Stores, Inc., 202
F.3d 560, 570 (2d Cir. 2000)) (internal quotation mark omitted).
Plaintiff's repeated assertion that referring to him as "street"
is akin to referring to an adult black man as "boy" is
unpersuasive.  See Pl.'s Opp'n at 3-4.  It is well-established
that "the word 'boy' can be quite endearing if shared between a
parent and a son and yet, as the history of this country
regrettably teaches, racially offensive and even explosive if
said in a derisive and humiliating manner by a white person to a
black adult male."   Hernandez v. Commc'ns Unlimited of the
South, Inc., No. 3:03cv0760-T, 2005 WL 3803064, at *6 (M.D. Ala.
Feb. 22, 2005).   While the term "street" may have "demeaning
connotations," it is certainly not "something especially
humiliating," derogatory, or historically salient, unlike when a
white person calls an adult black man "boy."   Sosa I, 2013 WL
6569913, at *6 & n.6.  Our earlier statement bears repeating:
"To sanction Vargas's comments as 'severe' would undermine the
aims of Title VII, as well as the past and future plaintiffs
have been and will be subjected to legitimate workplace
discrimination."   Id. at *6.   Therefore, plaintiff's hostile
work environment claims against the Cornell Defendants under
Title VII and § 1981 are dismissed.

The NYCAC is offered an independent and more liberal construction than its federal counterparts; "even if the harassing conduct does not rise to the level of being 'severe and pervasive,'" an employer may still be liable under the NYCAC. Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013) (citing Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 38 (App. Div. 2009)). However, the NYCAC is only plaintiff-friendly to a point. "[T]he broader purposes of the [NYCAC] do not connote an intention that the law operate as a 'general civility code.'" Williams, 872 N.Y.S.2d at 40 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)). If the conduct at issue "consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences," then the defendant should not be held liable under the NYCAC. Caravantes v. 53rd St. Partners, Inc., No. 09 Cv. 7821(RPP), 2012 WL 3631276, at *17 (S.D.N.Y. Aug. 23, 2012) (quoting Williams, 872 N.Y.S.2d at 41); see also Woodard v. TWC Media Solutions, Inc., No. 09-cv-3000 (BSJ)(AJP), 2011 WL 70386, at *12 (S.D.N.Y. Jan. 4, 2011), aff'd, 487 F. App'x 613 (2d Cir. 2012) (dismissing a NYCAC claim when "the conduct alleged is far from a borderline violation" of the city law).

As we stated in <u>Sosa I</u>, the statements on which plaintiff stakes his claim "do not approach the level of an actionable hostile work environment claim under the NYCAC."  <u>Sosa I</u>, 2013 WL 6569913, at *7.  First, the "Urckle" comment is innocuous, and if Sosa's paradoxical assertion that Vargas alternately ignored him and micromanaged his work is accurate, it does not support that conclusion that Vargas acted unlawfully, but merely evidences the truism that "many bosses are harsh, unjust, and rude."  <u>Alfano v. Costello</u>, 294 F.3d 365, 377 (2d Cir. 2002).  Second, although we reiterate that "the 'You're so street' comment was better left unsaid," it nevertheless falls under the category of a "petty slight."  <u>Sosa I</u>, 2013 WL 6569913, at *7.  All told, "the 'short litany of a few incidents' recited by Sosa does not describe a work environment that is hostile as a matter of law, even under the especially broad NYCAC."  <u>Id.</u> (quoting <u>Ochei v. The Mary Manning Walsh Nursing Home Co., Inc.</u>, No. 10 Civ. 2548(CM)(RLE), 2011 WL 744738, at *5 (S.D.N.Y. Mar. 1, 2011)).   Thus, plaintiff's hostile work environment claim against the Cornell Defendants fails as a matter of law and is hereby dismissed.

## B.   Retaliation

In <u>Sosa I</u>, we outlined the multiple examples of retaliation alleged by plaintiff in his complaint.   See <u>Sosa I</u>, 2013 WL

6569913, at *7.  We further noted that under both the federal

and city laws, Sosa was required to establish that he engaged in

a "protected activity" in order to state a claim for unlawful

retaliation.  See id. at *7 & n.7; see also Lucio v. N.Y.C.

Dep't of Educ., No. 13-2141-cv, 2014 WL 3820715, at *2 n.2

("[T]o state a claim of retaliation under NYCHRL, the plaintiff

must still allege, among other things, that she engaged in

protected activity . . . .");  Fattoruso v. Hilton Grand

Vacations Co., LLC, 525 F. App'x 26, 27 (2d Cir. 2013) (listing

"participat[ion] in a protected activity" as the first element

of stating a claim for retaliation under the NYCAC).   "A

protected activity is an activity taken in good faith to protest

or oppose statutorily prohibited discrimination."   Morgan v.

N.Y.S. Att'y Gen. Office, No. 11 Civ. 9389(PKC)(JLC), 2013 WL

491525, at *9 (S.D.N.Y. Feb. 8, 2013).   "It is not necessary

that the underlying conduct actually be unlawful; rather, it is

sufficient if the plaintiff had a reasonable belief of the

conduct's illegality."   Sosa I, 2013 WL 6569913, at *8.

However, "mere subjective good faith belief is insufficient; the

belief must be reasonable and characterized by objective good

faith."  Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs,

P.C., 716 F.3d 10, 16 (2d Cir. 2013) (alterations omitted)

(quoting Sullivan-Weaver v. N.Y. Power Auth., 114 F. Supp. 2d

240, 243 (S.D.N.Y. 2000)).   "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances."   Id. at 14-15 (quoting Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998)).

For the reasons stated in Sosa I, we find that plaintiff's belief that he was opposing unlawful discrimination when he complained to Mazza and Greene was not objectively reasonable. As we discussed in our prior opinion, "one comment, standing alone" is rarely sufficient to create an objectively reasonable belief of discrimination.   Sosa I, 2013 WL 6569913, at *9 (quoting Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1179 n.12 (2d Cir. 1996)).   Only in those instances where the singular comment was, by any measure, much more offensive than the "You're so street" statement here have courts found that an individual may have a good faith belief that he was subjected to unlawful treatment.   See id. (citing cases).

Plaintiff urges that this is not, in fact, a case where his belief of discriminatory treatment was borne of a singular comment; rather, Sosa attests that Vargas's decisions to avoid eye contact, use intermediaries to communicate, and micromanage of plaintiff's work all contributed to Sosa's perception that he was being discriminated against.   See Pl.'s Opp'n at 8-9. However, this conduct amounts to little more than "general

-16-

allegations of mistreatment [that] do not support an inference that plaintiff had a reasonable good faith belief that [he] was subject to [racial] discrimination." Drumm v. SUNY Geneseo Coll., 486 F. App'x 912, 914 (2d Cir. 2012); see also Rivera v. Rochester Genesee Regional Transp. Auth., 743 F.3d 11, 25 (2d Cir. 2014) (finding trivial harms, petty slights, and minor annoyances insufficient to establish a prima facie case for retaliation under Title VII).   Thus, Vargas's admittedly childish and unprofessional behavior did not transform the "You're so street" comment from "a stray remark, inappropriate but not abhorrent," into a statement that may have, in the mind of an objective listener, violated the law. Sosa I, 2013 WL 6569913, at *9.   While interpreting allegedly discriminatory statements requires "looking at all the circumstances," the additional conduct cited by plaintiff in no way legitimates his misguided perception. Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).   As we have stated previously, for us to find in plaintiff's favor "would trivialize employment discrimination laws, undermining the serious goals of such legislation." Sosa I, 2013 WL 6569913, at *9.   Accordingly, we dismiss Sosa's retaliation claims against the Cornell Defendants.

### C.    Individual Liability

Finally, plaintiff attempts to hold Vargas and Mazza liable on an individual basis.   "Unlike Title VII, however, § 1981 permits the imposition of individual liability."   <u>Sareen v. Port Auth. of N.Y. & N.J.</u>, No. 12 Civ. 2823(PAE), 2013 WL 6588435, at *8 (S.D.N.Y. Dec. 16, 2013).   The NYCAC also provides for individual liability based on unlawful workplace conduct.   <u>See</u> <u>Malena v. Victoria's Secret Direct, LLC</u>, 886 F. Supp. 2d 349, 366 (S.D.N.Y. 2012).   However, our conclusion that plaintiff has not stated a claim for which relief can be granted applies with equal force against both the institutional and individual defendants; essentially, there is no "discriminatory action" with which Vargas and Mazza may have been personally involved. <u>Patterson</u>, 375 F.3d at 229 (quoting <u>Whidbee v. Garzarelli Food Specialties, Inc.</u>, 223 F.3d 62, 75 (2d Cir. 2000)).   And with regard to the aiding and abetting claims, "[b]ecause Plaintiff has not demonstrated a primary violation, there can be no liability for aiding and abetting" under the NYCAC.   <u>White v. Pacifica Foundation</u>, 973 F. Supp. 2d 363, 378 (S.D.N.Y. 2013). Therefore, we dismiss plaintiff's individual liability claims.

## CONCLUSION

For the foregoing reasons, the Cornell Defendants' motion for judgment on the pleadings is granted. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 35 and close this case.

**SO ORDERED.**

Dated:    New York, New York
           September _3_ , 2014

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorney for Plaintiff**
Alex Umansky, Esq.
Phillips & Associates, PLLC
30 Broad Street, 35th Floor
New York, NY 10004

**Attorneys for the Cornell Defendants**
Sheryl A. Orwel, Esq.
James R. Kahn, Esq.
Weill Cornell Medical College
445 East 69th Street, Suite 405
New York, New York 10021

**Attorney for the Cross Country Defendants**
Joseph C. O'Keefe, Esq.
Proskauer Rose LLP
One Newark Center
Newark, NJ 07102